IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERNEST SMALIS, ANASTASIOS
CORPORATION,

          Plaintiffs,

    v.

UNITED STATES OF AMERICA,

          Defendant.

11cv0083
**ELECTRONICALLY FILED**

## MEMORANDUM ORDER RE: DEFENDANT'S MOTION TO DISMISS
(Doc. No. 12)

### I.    *Introduction*

Presently before this Court is Defendant, United States of America's Motion to Dismiss the Amended Complaint filed by Plaintiffs Ernest Smalis and Anastasios Corporation.[1] Doc. No. 12. The Court has reviewed Plaintiffs' Amended Complaint (Doc. No. 1), Defendant's Motion to Dismiss (Doc. No. 12) and Brief in Support Thereof (Doc. No. 13), and Plaintiffs' Brief in Opposition to Defendant's Motion to Dismiss (Doc. No. 17).

For the reasons that follow, Defendant's Motion to Dismiss will be granted.

### II.    *Factual Background*

The relevant facts of the case, as set forth in Plaintiffs' Amended Complaint (Doc. No. 9), which are accepted as true solely for the purpose of adjudicating this Motion to Dismiss, are as follows:

Individual Plaintiff, Ernest Smalis ("Smalis"), is president, secretary and sole stockholder of corporate Plaintiff, Anastasios Corporation. Amended Complaint, Doc. No. 9, ¶ 1.

---

[1] Plaintiffs filed their Complaint against the United States on January 26, 2011 and filed an Amended Complaint on March 17, 2011. Doc. Nos. 4 & 9.

Anastasios Corp. is the title owner of a backhoe (case 580-M). *Id.* at ¶ 2. Smalis entered into an agreement to cooperate with the Federal Bureau of Investigation ("FBI") in the Western District of Pennsylvania and around Cleveland, Ohio in a public corruption investigation of the rehabilitation of the George Graff and Detroit Seifere Bridges in Ohio. *Id.* at ¶ 3. Smalis cooperated with the FBI from 1997 through 2001 when all individuals under investigation pled guilty (including time spent incarcerated). *Id.* at ¶ 4.

As part of his cooperation, Smalis used two of his personal vehicles, a Mercedes Benz and a Pathfinder. Doc. No. 9, ¶ 5. The FBI placed a surveillance camera in the Mercedes Benz, which damaged the console and would cost $2,717.80 to repair. *Id.* at ¶ 5, Doc. No. 9-1, 10.

Smalis's cooperation also included the exchange of one Case 580-M Backhoe to a corruption suspect, Victor Stivinson ("Stivinson"), at the direction of FBI officials. Doc. No. 9, ¶ 6. FBI agents informed Smalis that the backhoe would be returned when Stivinson was convicted. Stivinson pled guilty in 2000 or 2001. *Id.* at ¶ 10. The backhoe has not been returned to Smalis or Anastasios Corportation. *Id.* at ¶ 10, 12, 13.

Smalis requests that this Court direct the United States Government and FBI pay him for the following expenses:

1. Cost of backhoe: $21,200.00
2. Loss to rental of backhoe for ten years ($1,890 per month): $226,800.00
3. Cost to repair console of Mercedes Benz console damaged by surveillance equipment: $ 2,717.80
4. Rental of Mercedes Benz for two years: $7,200.00
5. Rental of Pathfinder: $1,188.00. *Id.* at ¶ 16.

### III. Legal Standard

#### A. Federal Rule of Civil Procedure 12(b)(1)

A Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges the Court's "very power to hear the case." *See Judkins v. HT Window Fashions Corp.*, 514 F. Supp. 2d 753, 759 (W.D. Pa. 2007) (quoting *Mortenson v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). As the party asserting jurisdiction, the plaintiff "bears the burden of showing that its claims are properly before the district court." *Dev. Fin. Corp. v. Alpha Housing & Health Care*, 54 F.3d 156, 158 (3d Cir. 1995). In reviewing a motion to dismiss pursuant to Rule 12(b)(1), the Court must distinguish between facial attacks and factual attacks. *See Petruska v. Gannon Univ.*, 462 F.3d 294, 302 (3d Cir. 2006).

A facial attack challenges the sufficiency of the pleadings, and the Court must accept the plaintiff's allegations as true. *Id.* A defendant who attacks a Complaint on its face "[asserts] that considering the allegations of the complaint as true, and drawing all reasonable inferences in favor of [plaintiff], the allegations of the Complaint are insufficient to establish a federal cause of action." *Mullen v. Thompson*, 155 F. Supp. 2d 448, 451 (W.D. Pa. 2001). Dismissal is proper under Rule 12(b)(1) only when "the claim clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or . . . is wholly insubstantial and frivolous." *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991) (quoting *Bell v. Hood*, 327 U.S. 678, 682 (1946)).

When, as in this case, a defendant launches a factual attack on subject matter jurisdiction, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Petruska*, 462 F.3d at 302 (quoting *Mortenson*, 549 F.2d at 891). In a

factual attack, the court must weigh the evidence relating to jurisdiction, with discretion to allow affidavits, documents, and even limited evidentiary hearings. *See United States ex rel. Atkinson v. Pa. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir. 2007).

### B. *Federal Rule of Civil Procedure 12(b)(6)*

Under Federal Rule of Civil Procedure 8(a)(2), civil complaints must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." A complaint may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S.544, 570 (2007)).[2]

To survive a motion to dismiss under Rule 12(b)(6), a claim for relief now "'requires more than labels and conclusions'" or "'a formulaic recitation of the elements of a cause of action.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009) (quoting *Twombly*, 550 U.S. at 555). While Rule 8 was "a notable and generous departure from the hyper-technical, code-pleading regime of a prior era," it does not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 129 S. Ct. at 1950.

Building upon the landmark United States Supreme Court decisions in *Twombly* and *Iqbal*, the United States Court of Appeals for the Third Circuit recently explained that a District Court must take three steps to determine the sufficiency of a complaint:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Third, "whe[n] there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for

---

[2] In *Twombly*, the United States Supreme Court abrogated its decision in *Conley v. Gibson*, 355 U.S. 41 (1957), which allowed dismissal of a claim only if "no set of facts" could be conceived to support it. *Conley*, 355 U.S. at 45.

4

relief." This means that our inquiry is normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged.

*Malleus v. George*, No. 10-03539, 2011 WL 2044166, at *2 (3d Cir. May 26, 2011) (quoting *Iqbal*, 129 S. Ct. at 1947, 1950). "While legal conclusions can provide the framework of a Complaint, they must be supported by factual allegations." *Iqbal*, 129 S. Ct. at 1950.

In conducting this analysis, a court will not accept bald assertions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *See In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 215 (3d Cir. 2002); *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 n.8 (3d Cir. 1997). A court is not required to consider legal conclusions; rather, it should determine whether the plaintiff should be permitted to offer evidence in support of the allegations. *See Maio v. Aetna, Inc.*, 221 F.3d 472, 482 (3d Cir. 2000). In short, a Motion to Dismiss should not be granted if a party alleges facts, which if established at trial, would entitle him to relief. *Fowler*, 578 F.3d at 563 n.8.

## IV. Discussion

In support of its Motion to Dismiss, the Government contends that Plaintiffs' Amended Complaint should be dismissed because: 1) Anastasios Corporation cannot be a Plaintiff in this matter because a corporation may not be represented by a non-attorney[3]; 2) any tort-based claim must be dismissed for failure to exhaust administrative remedies required by the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 *et seq.*; 3) any tort claims are further barred by the applicable statute of limitations; and 4) Plaintiffs' Amended Complaint, seeking damages

---

[3] On July 7, 2011, attorney H. David Rothman entered a Notice of Appearance on behalf of Anastasios Corporation, mooting Defendant's first argument. Doc. No. 18.

5

exceeding $10,000.00, is precluded by a district court's limited jurisdiction over implied or express contracts pursuant to 28 U.S.C. § 2675(a) ("Little Tucker Act").  Doc. No. 13, 2.

> **A. Plaintiffs' Claims Pursuant to the Federal Tort Claim Act is Barred for Failure to Exhaust Administrative Remedies and the Applicable Two Year Statute of Limitations**

Plaintiffs specifically allege that they are entitled to expenses under the Federal Tort Claims Act.[4]  Doc. No. 9, ¶ 19.  The Federal Tort Claims Act provides jurisdiction for claims against the United States Government for money damages for injury or loss of property or personal injury or death caused by the government or its agents only when a plaintiff "shall have first presented the claim to the appropriate Federal Agency and his claims have been finally denied by the agency in writing and sent by certified or registered mail."  28 U.S.C. § 2675(a).  Such administrative exhaustion is mandatory.  *McNeil v. United States*, 508 U.S. 106, 111 (1993).

The Amended Complaint does not contain any averment that Plaintiffs' claims have been presented to a federal agency.  Doc. No. 9.  In its Brief in Opposition to Defendant's Motion to Dismiss, Plaintiffs contend that the administrative procedures were exhausted "with the constant communications with Special Agent Tice in returning [his] backhoe" and other contacts with United States Attorney Paul Hall.  Doc. No. 17, ¶ 5.  These assertions do not demonstrate that either Smalis or Anastasios Corporation have filed any administrative claims with the appropriate federal agency and that said claims were finally denied by the agency as is required by 28 U.S.C. § 2675(a).  Furthermore, the Government has submitted a Declaration of FBI

---

[4] In Plaintiffs' Amended Complaint, Plaintiff Smalis states all claims for both his personal property and for that of Anastasios Corporation.  Doc. No. 9.  However, the backhoe is property of Anastasios Corp. and to the extent that Plaintiff Smalis brings a claim under the Federal Tort Claim Act for the backhoe, the same arguments will be attributed to Plaintiff Anastasios Corporation.

6

Supervisory Special Agent Julie A. Halferty who attests that the FBI Universal Index does not contain any record of an administrative claim filed with the FBI by Smalis. Therefore, Plaintiffs' claims under the Federal Tort Claims Act ("FTCA") will be dismissed.

Furthermore, Plaintiffs' tort claims are barred by the applicable two-year statute of limitations. *See* 28 U.S.C. §§ 2401(b) and 2675(a) (a "tort claim against the United States shall be forever barred unless, it is presented in writing to the appropriate Federal agency within two years after such claim accrues . . . ").[5] An FTCA claim accrues when the party knows of his injury and its cause. *United States v. Kubrick*, 444 U.S. 111, 122 (1979), *Hall v. Admin. Office of the United States Courts*, 496 F. Supp. 2d 203, 206 (D.C.Cir. 2007).

Smalis contends that his FTCA claim is not barred by the statute of limitations because his cooperation agreement with the FBI is "still in force" and he was cooperating with the FBI "up to February 2010." Doc. No. 17, ¶ 6.[6] However, Plaintiffs' Amended Complaint shows that the FBI caused his Mercedes Benz to be damaged sometime between 1997 and December 14, 1999 and that he used the Mercedes Benz and Pathfinder during this same period. Doc. No. 9, ¶¶ 4-5. Therefore, the statute of limitations began to accrue as early as 1997 and as late as 1999.

---

[5] Although statute of limitations is an affirmative defense which is normally raised in an answer, pursuant to Fed. R. Civ. Pro. 8(c)(1), it can also be raised in a Motion to Dismiss under Fed. R. Civ. Pro. 12(b)(6) where it is apparent from the factual averments in the Complaint that the cause of action is untimely. *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002).

[6] The Agreement between the FBI and Smalis does not have an exact "end date" but rather, was related to a public corruption investigation, which Smalis contends lasted from 1997 through 1999, and he "continued to cooperate with the FBI while incarcerated *until all public corruption officials pled guilty in 2001.*" Doc. No. 9 (emphasis added). Smalis' argument that he continued to cooperate while incarcerated as evidenced by his conversations with FBI Special Agent Randy Tice and that he alerted the FBI when a fellow convict threatened a Judge, does not evidence that Smalis continued to cooperate under his original agreement or that he was unaware of the damage to his vehicles. Therefore, these allegations do not affect the accrual date of Smalis' claims.

The backhoe, which Anastasios Corp. seeks to recover was also used during the same time period and according to Plaintiffs' Amended Complaint, "would be returned as soon as Victor Stivinson was convicted." Id. at ¶ 8. Stivinson pled guilty "on or about 2000 or 2001." Id. at ¶ 9. Therefore, according to Plaintiffs, they knew of the injury (the backhoe not being returned as promised) and its cause (the FBI continuing to have the backhoe) as early as 2000 and as late as 2001. Id. at ¶¶ 8, 9. However, Plaintiffs did not file the original Complaint until January 26, 2011, well beyond the applicable two-year statute of limitations. Doc. No. 4.

Therefore, because Plaintiffs did not bring any administrative claim as required by the Federal Tort Claims Act and because Plaintiffs' tort claims are time barred by the applicable statute of limitations, all such claims will be dismissed.[7] Because amendment of such claims would be futile in light of the applicable statute of limitations, they will be dismissed with prejudice.

### V. *Conclusion/Order*

AND NOW, for the reasons set forth in this Memorandum Order filed this 8th day of July 2011, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss (Doc. No. 12) is **GRANTED**. Plaintiffs' Amended Complaint (Doc. No. 9) is **DISMISSED WITH PREJUDICE**.

The Clerk of Court shall mark this **CASE CLOSED**.

SO ORDERED,<br>
s/ Arthur J. Schwab<br>
Arthur J. Schwab<br>
United States District Judge

cc: All Registered ECF Counsel and Parties

---

[7] The Government also contends that Plaintiffs' Complaint should be dismissed pursuant to the Little Tucker Act, 28 U.S.C. § 1346(a)(2). However, because the Amended Complaint will be dismissed on other grounds, the Court need not address this argument.